GULOTTA, Judge.
We are confronted with the question whether an injured plaintiffs personal uninsured motorist carrier has a right or cause of action against plaintiffs employer’s uninsured motorist carriers for injuries sustained in the course and scope of plaintiffs employment. Granville Dillard was injured while occupying his employer’s vehicle in an accident caused by the sole negligence of a third party driver. We hold that a properly pleaded cause of action exists.
PROCEDURAL BACKGROUND
This intricate legal problem arises out of a petition for damages directed against plaintiff’s personal underinsured motorist carrier, Government Employees Insurance Company (GEICO), growing out of a July 13, 1978 two-truck accident. Plaintiff, an occupant in his employer’s Atlantic and Gulf Stevedores Inc. (A & G) truck, was rear ended by a third party tortfeasor. In a third party demand, GEICO claimed entitlement to recovery over and against Insurance Company of North America (INA) and Admiral Insurance Company (Admiral) as primary underinsured motorist carriers of plaintiff’s employer’s vehicle. The third party defendants’ exceptions of no right and no cause of action as well as their motion for summary judgment were maintained by the trial judge. GEICO appeals. We reverse and remand.
GEICO’s theory of recovery against the employer's underinsured motorist carriers is based upon LSA-R.S. 22:1406(D)(l)(c)(i)(-ii), which provides that when a party is injured while an occupant of a vehicle not owned by him, primary uninsured motorist coverage is assessed against the insurer of the occupied vehicle.[1]
The employer’s insurers’ primary defenses are two-fold.[2] The first contention raised by these third party defendants is based on two releases. One release involves plaintiff’s personal injury suit against the tortfeasor truck driver and his liability insurer, whereby plaintiff released the tortfeasor but failed to expressly reserve his rights to proceed against his own uninsured motorist insurer. The other release is in connection with a separate worker’s compensation suit filed by Granville Dillard against his employer, A & G, whereby Dillard expressly released the employer A & G, but failed to expressly reserve any rights which plaintiff (or presumably plaintiff’s underinsured motorist carrier) has against the co-debtors and solidary obligors (INA and Admiral). According to defendants, those rights, therefore, against solidary obligors have been extinguished. Defendants rely on LSA-C.C. Art. 2203, which reads; in pertinent part:
“The remission or conventional discharge in favor of one of the codebtors in soli-do, discharges all the others, unless the creditor has expressly reserved his right against the latter.”
*1082 Third party defendants’ second contention is that because Dillard’s remedy against A & G is exclusively in worker’s compensation under LSA-R.S. 23:1032, neither plaintiff nor GEICO is entitled to recover for uninsured motorist benefits from the employer’s insurers. We reject these contentions.
RELEASES
This matter is before us on exceptions of no cause and no right of action and summary judgment. While reference is made in the defendant insurers’ brief to a draft in full and final settlement of plaintiff’s personal injury suit against the tortfeasor, the copy of the draft attached to the brief is not a part of the record before this court. The draft release was not introduced into evidence nor attached to any affidavit supporting a summary judgment motion. Accordingly, we do not consider that release here.
Turning now to the receipt and release made a part of the worker’s compensation settlement in this record, it is clear that the injured plaintiff’s employer is discharged from any liability for compensation or employee benefits. It is also true that the employer’s uninsured motorist carriers were not included and no specific reservation was made as to them. However, we do not conclude that the release, which fails to contain the reservation against the insurers, is fatal to GEICO’s claim against those insurers.
The release in the worker’s compensation case was a release and discharge from any entitlement that the injured plaintiff may have for worker’s compensation benefits. The instant suit is not a claim for worker’s compensation benefits but for tort damages arising out of the accident with the third party tortfeasor for which there was insufficient coverage by the tort-feasor’s insurer. Because the release in our case is one relating only to worker’s compensation benefits and not personal injury recovery, it has no effect on plaintiff’s claim against his own uninsured motorist carrier or that insurer’s third party demand against the employer’s uninsured motorist carriers for primary uninsured motorist coverage.
Furthermore, the result reached in our case is consistent with latest expression of the legislature and the Supreme Court concerning releases of solidary codebtors. The “express reservation” requirement of LSA-C.C. Art. 2203 has recently been abolished by 1984 La.Act. No. 331 and replaced by LSA-C.C. Art. 1803 (effective January 1, 1985), which provides that a “compromise between an obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.” Likewise, in Corona v. State Farm Insurance Company, 458 So.2d 1275 (La.1984), the Supreme Court recently held that an injured plaintiff’s settlement with a tort-feasor does not discharge plaintiff’s claim against his own uninsured motorist insurer, even absent an express reservation of his rights against the insurer.
Accordingly, we hold that the release, despite the absence of the reservations, cannot serve to extinguish (for the purposes of the exceptions of no cause, no right of action and summary judgment) the employee’s uninsured motorist insurer’s rights against the employer’s uninsured motorist carriers.
EXCLUSIVE REMEDY
Finally, we reject INA and Admiral’s argument that because plaintiff’s recovery against his employer is exclusively in worker’s compensation, neither he nor his uninsured motorist carrier has a cause of action against the employer’s underin-sured motorist insurer. This question was addressed by the Louisiana Supreme Court in Johnson v. Fireman’s Fund Insurance Company, 425 So.2d 224 (La.1983), where the court held that an employer’s worker’s compensation insurer could recover from an employer’s uninsured motorist carrier the amount that an injured employee was entitled to receive because of the fault of the uninsured motorist. In the Johnson case, the employer and the worker’s compensation insurer intervened to seek reim *1083 bursement for compensation they were obligated to pay to the employee. The Supreme Court stated that an uninsured motorist carrier is a “third person” as contemplated by LSA-R.S. 23:1101[3] and, therefore, is legally liable to pay damages to an injured employee protected by its coverage. The Johnson court further explained, in rejecting the exclusive remedy argument, that the compensation act protects an employee by providing compensation but also reserves to him any tort recovery from a third person that exceeds his compensation benefits. The Supreme Court held that a worker’s compensation insurer therefore can recover, out of uninsured motorist coverage, amounts paid to an injured employee.
The Louisiana Supreme Court’s holding in Johnson is dispositive of the exclusive remedy contention made by the third party defendants in the instant case.
Having so concluded, we hold that third party plaintiff GEICO has stated a right and cause of action in its third party petition directed against INA and Admiral.
In connection with that part of the trial court’s judgment granting a summary judgment in favor of INA and Admiral, we cannot say that there is no genuine issue of material fact. It is apparent that a factual issue remains as to whether or not the third party tortfeasor’s uninsured motorist coverage adequately compensates the injured plaintiff for his injuries. Furthermore, LSA-C.C.P. Art. 966, relating to summary judgment, requires that a mover be entitled to a judgment “as a matter of law.” Based on the foregoing, we cannot say the third party defendants are entitled to a judgment as a matter of law.
Having so concluded, we reverse and set aside the trial court’s judgment dismissing GEICO’s third party demand against INA and Admiral, and remand this matter for further proceedings consistent herewith.
REVERSED AND SET ASIDE; REMANDED.

. LSA-R.S. 22:1406(D)(l)(c)(i)(ii) provides in pertinent part as follows:
D. The following provisions shall govern the issurance of uninsured motorist coverage in this state....
******
(c) .... With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him....

. In addition to the claims asserted by INA and Admiral to be discussed in the body of this opinion, these third party defendants also claim the trial court’s judgment is entitled to the benefit of the manifest error rule. Because we are concerned here with questions of law and not questions of fact, we reject this contention without further discussion.

. LSA-R.S. 23:1101 Employee and employer suits against third persons; effect on right to compensation;
When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee’s rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.