487 So.2d 619 (1986)
Willie WILLIAMS
v.
Darnell THONN, Clyde McClendon and Allstate Insurance Company, et al.
No. CA-4390.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Marshall G. Weaver, Donovan & Lawler, Metairie, for Fidelity and Guaranty Ins. Underwriters, Inc., U.S. Fidelity and Guaranty Co., intervenor-appellant.
*620 Okla Jones, II, Jones, Nabonne & Wilkerson, New Orleans, for Willie Williams, plaintiff-appellee.
Richard S. Vale, Blue, Williams & Buckley, Metairie, for Valiant Ins. Co., defendant-appellee.
Before BARRY, WARD and ARMSTRONG, JJ.
WARD, Judge.
In this case we are called upon first to decide whether an uninsured motorist insurer may, by a provision of its policy, give itself a credit for worker's compensation payments received by an employee who is insured under the uninsured motorist policy. We hold that such a provision is invalid and unenforceable if its effect is to reduce the limits of the UM coverage below the amount required by statute. Secondly, we consider whether an exclusion in an uninsured motorist policy issued to an employer may defeat the right that a worker's compensation insurer would otherwise have to recover amounts paid in compensation benefits to the UM policyholder's employee injured by an underinsured motorist. We hold that an uninsured motorist insurer may not exclude itself from liability for reimbursement to a worker's compensation insurer who has paid benefits to an employee of the UM policyholder.
These issues arose when Fidelity and Guaranty Insurance Underwriters, Inc. (USF & G) intervened in Willie Williams' tort suit in which he sought damages for serious injuries sustained while driving an automobile belonging to his employer, Deauville Consultants, Inc. Because Darnell Thonn, the owner of the automobile which struck Williams, had liability insurance coverage which was less than Williams' alleged damages, Williams sued Valiant Insurance Company, Deauville's UM carrier, for the portion of his damages which exceeded the limits of Thonn's policy. Williams had been paid some $43,000.00 in medical and worker's compensation benefits by USF & G, Deauville's compensation carrier. By intervening in Williams' suit USF & G sought to recoup those benefits from the proceeds of any judgment rendered for Williams against Valiant and the other defendants.
Valiant moved for summary judgment against USF & G's intervention for reimbursement on the basis of an exclusion in the uninsured motorist endorsement of its policy:
C. WE WILL NOT COVEREXCLUSIONS
This insurance does not apply to:
* * * * * *
2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.
In its memorandum in support of summary judgment, Valiant asserted another clause of its policy which provided that amounts payable on UM coverage would be reduced by the amount of worker's compensation paid for the injury. Without expressly ruling on the validity of the latter provision in Valiant's policy, the Trial Judge held valid the exclusion barring payments to the benefit of a compensation carrier, granted summary judgment and dismissed USF & G's claim against Valiant. USF & G has appealed.
Before considering the more difficult question of the exclusion, we address the issue of whether Valiant may reduce its UM liability by amounts paid by the compensation carrier. The law is clear that a UM insurer may not by a provision in its policy allow itself a credit for worker's compensation benefits received by an injured worker when the effect of the credit is to reduce the limits of the UM coverage below the amount required by statute. Gagnard v. Thibodeaux, 336 So.2d 1069 (La.App. 4th Cir.1976); Landry v. State Farm Mutual Automobile Insurance Co., 320 So.2d 254 (La.App. 3rd Cir.1975); Smith v. Trinity Universal Insurance Co., 270 So.2d 637 (La.App. 2nd Cir.1972); Williams v. Buckelew, 246 So.2d 58 (La. App. 2nd Cir.1970). Such a limitation is invalid as contrary to the legislative establishment *621 of minimum limits of UM coverage to protect against the risk of inadequate compensation for injuries caused by the negligence of financially irresponsible motorists. Hence, should Valiant be found liable to Williams, the amount of Williams' recovery shall not be reduced by the amount of compensation benefits paid by USF & G, if it would reduce Valiant's UM coverage below the minimum required by La.R.S. 22:1406 D(1)(a).
Turning to the second issue, we believe some background is necessary for an understanding of the grounds upon which the summary judgment was granted. The Louisiana Worker's Compensation Law provides that when an injury compensable by worker's compensation creates legal liability for payment of damages in a third person (other than those exempted by the statute), anyone who pays or is obliged to pay worker's compensation benefits may sue that third person to recover the amount of compensation paid or due. La.R.S. 23:1101. In Johnson v. Fireman's Fund Insurance Co., 425 So.2d 224 (La. 1982), on facts virtually identical to those in the present case, the Louisiana Supreme Court interpreted R.S. 23:1101 to provide a worker's compensation insurer with a cause of action to recover from an employer's uninsured motorist insurer amounts paid in compensation benefits to an injured employee.[1] The Johnson opinion, however, did not address the issue presented by our case, that is, whether a UM policy may expressly exclude the compensation carrier's right to reimbursement. Concurring opinions by Justice Calogero in Johnson indicate that the UM policy in that case contained such an exclusion, but it was not considered by the Court due to the procedural posture of the case. Numerous appellate court opinions have followed Johnson, but in none of them was the issue of an exclusion raised. See, for example, Dillard v. Government Employees Insurance Co., 461 So.2d 1080 (La.App. 4th Cir.1984); Stroud v. Liberty Mutual Insurance Co., 429 So.2d 492 (La.App. 3rd Cir.), writ denied 437 So.2d 1147 (La.1983); Brown v. Southern Farm Bureau Insurance Co., 426 So.2d 684 (La.App. 1st Cir.1982).
In upholding the exclusion and granting summary judgment in favor of Valiant, the Trial Judge cited Johnson and held that the right to reimbursement could be excluded by a provision of the insurance policy. We disagree and reverse the summary judgment.
We believe, consistent with the rule that a UM carrier may not reduce its liability by amounts of worker's compensation benefits paid to an insured, that a UM carrier may not exclude its liability for reimbursement to the insurer who has paid those benefits. It should make no difference to the UM insurer whether it pays the plaintiff insured or the intervenor compensation carrier. The amount of its liability will be the same.
Unless other defenses prevail on the merits, the result of invalidating the exclusion in Valiant's policy will be that Valiant will first fully reimburse USF & G for compensation benefits paid to Williams and then it will pay any amount of Williams' claim that exceeds the amount recouped by USF & G, thus giving Williams the full benefit of coverage by both insurance policies and at the same time preventing a double recovery.
The correctness of this result is supported by the provisions of La.R.S. 23:1103 which give the employer who has paid compensation so much of the injured employee's recovery from a third person as is necessary to reimburse him for the compensation benefits paid. Because the compensation carrier is subrogated to the employer's rights by La.R.S. 23:1162(D) and because a UM carrier is a "third person" legally liable to pay damages to an injured employee, we apply the policy of R.S. 23:1103 favoring the party seeking reimbursement for the payment of compensation. *622 Had the defendant tortfeasor in this case been adequately insured, unquestionably R.S. 23:1103 would have given USF & G an unqualified claim for reimbursement out of the plaintiff Williams' recovery from the tortfeasor. To insure against the risk of an insolvent or inadequately insured tortfeasor, Deauville purchased Valiant's UM policy to guarantee recovery as if the tortfeasor were solvent. An uninsured motorist insurer is as obligated as the tortfeasor to repair the damage. Clearly, a tortfeasor may not prohibit a portion of a judgment it pays from going toward reimbursement of the worker's compensation carrier. Accordingly, we hold that an uninsured motorist carrier may not exclude reimbursement of the compensation carrier.
We therefore reverse the Trial Court judgment dismissing the intervention of USF & G as against Valiant Insurance Company and remand for further proceedings consistent with our holding. All costs of appeal to be paid by Valiant Insurance Company.
REVERSED.
NOTES
[1] Johnson also held that La.R.S. 23:1163 prohibits a worker's compensation insurer from recovering compensation reimbursement from the employee's uninsured motorist carrier, but that issue is not raised in the present appeal.