517 So.2d 990 (1987)
Joe V. COLLINS, Plaintiff-Appellee,
v.
ANGELINA CASUALTY COMPANY, Defendant-Appellant.
No. 86-946.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Writ Denied December 18, 1987.
*991 Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Robert A. Redwine, New Orleans, for defendant-appellant.
Neblett, Beard & Arsenault, Richard W. Beard, Alexandria, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, Howard B. Gist III, Alexandria, for intervenor.
Before STOKER and YELVERTON, JJ., and CULPEPPER,[*] J. Pro Tem.
STOKER, Judge.
The plaintiff, Joe V. Collins, was involved in a multi-vehicle collision while in the course and scope of his employment by Pelican Truck Lines (Pelican). The defendant, Angelina Casualty Company (Angelina), is the automobile liability insurer of Pelican Truck Lines. The plaintiff filed suit against the defendant to recover damages for his bodily injuries pursuant to the uninsured motorist provisions of the policy issued to Pelican Truck Lines. The defendant appealed the judgment of the trial court rendered in favor of the plaintiff in the amount of $484,638.44, less a credit of $10,000 (the liability coverage provided by the liability insurer of the underinsured driver), and subject to reimbursement of worker's compensation and medical expenses paid by the intervenor, First Horizon Insurance Company, Pelican's worker's compensation carrier. The defendant also filed peremptory exceptions of no right of action and no cause of action in this court. The issue presented in this appeal and the exceptions is whether under the policy issued by Angelina Casualty Company to Pelican Truck Lines the plaintiff may recover damages because the party who caused the accident was uninsured or underinsured. Angelina has not appealed quantum. We affirm the judgment of the trial court.

UNINSURED MOTORIST COVERAGE
The policy of automobile liability insurance issued by Angelina to Pelican did not contain contractual language providing uninsured-underinsured motorist coverage. Nevertheless, such coverage existed by provision of law. Angelina had the burden of proving a rejection of coverage or a selection of lower limits by Pelican. There was no such showing. Accordingly, LSA-R.S. 22:1406 D(1)(a) requires that the limits of the UM coverage shall be the same as the limits of bodily injury coverage absent a rejection or selection in writing of lower limits. See Aramburo v. The Travelers Insurance Company, 426 So.2d 260 (La.App. 4th Cir.1983). The trial court, in its reasons for judgment, found that there was UM coverage equal to the limits of bodily injury coverage provided by the policy. Angelina has not appealed the finding of UM coverage. In its brief Angelina appears to concede the correctness of this holding. However, Angelina has appealed the finding that, under the policy, the plaintiff could recover damages which he sustained while in the course and scope of his employment.

ISSUES
The plaintiff, Joe V. Collins, was using the vehicle belonging to his employer with the employer's permission. Therefore, the plaintiff was covered under Angelina's policy, and Angelina does not dispute this.
Angelina asserts two assignments of error. The first assignment is based on exclusionary provisions under the liability provisions of the policy excluding recovery where the insured or the insurer may be liable in worker's compensation or where the injuries arise out of the course of the employee's employment by the insured. In the second assignment the appellant contends that it should not be required to pay interest on the amount of $10,000 owed to *992 plaintiff by another insurer cast for that amount.

WORKERS' COMPENSATION EXCLUSION
Angelina invokes as a defense to plaintiff's claim certain language in its policy contained under "Part IV LIABILITY INSURANCE" under the Business Automobile Policy provisions of the contract. Paragraph C under Part IV provides in part:
"C. WE WILL NOT COVEREXCLUSIONS.
This insurance does not apply to:
* * * * * *
2. Any obligation for which the insured or his insurer may be held liable under any workers' compensation or disability law or under any similar law.
* * * * * *
5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured...."
These provisions are being invoked under the uninsured-underinsured portions of Angelina's policy and not the liability portions. We need not give citations of authority for the proposition that there is no UM coverage unless there is a basic automobile policy of which UM coverage may form a part. However, as evidenced by legislative and jurisprudential concern for the provision of UM coverage, it is clear that not all provisions of automobile policies will apply to UM coverage. In some cases the courts simply declare such provisions invalid or unenforceable. The apparent rationale is that the mandatory requirement of UM coverage cannot be undercut or restricted by policy provisions.
In any event the matter was settled in our opinion in the Supreme Court case of Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224 (La.1983). While the case involved a worker's compensation carrier seeking to recover from the employer's UM insurance carrier, the rationale is based on the right of the employee to recover from such a carrier. Early on in its decision the Supreme Court said:
"An uninsured motorist carrier is a third person legally liable to pay damages to an injured employee protected by its coverage because it is obliged by law and the issuance of its policy to repair the same damage which the tortfeasor has caused and to guarantee recovery as if the tortfeasor had been insured. Therefore, a worker compensation insurer can recover amounts paid to an injured employee out of uninsured motorist coverage. La.R.S. 23:1101."
In Dillard v. Government Employees Ins. Co., 461 So.2d 1080 (La.App. 4th Cir. 1984), the Court of Appeal for the Fourth Circuit applied the Johnson holding to an employee's claim against his employer's UM carrier. See the court's per curiam on rehearing.
The Johnson and Dillard cases seem to rest on the exclusive remedy provisions of the workers' compensation law, but we conclude that the force of the holdings would also apply to policy exclusionary provisions. See Williams v. Thonn, 487 So.2d 619 (La.App. 4th Cir.1986) and Section 118 of Louisiana Civil Law Treatise, Insurance Law and Practice (Vol 15) by McKenzie and Johnson.
Considering our discussion above we conclude that there is no merit to Angelina's exceptions of no right of action and no cause of action.

INTEREST ON JUDGMENT
In its initial brief Angelina assigned as an error the allegation that "the trial court erred in casting Angelina for interest on the $10,000 owed to plaintiff by another insurer." That portion of the judgment involved in this assignment of error provides:
"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, JOE V. COLLINS, in the full sum of FOUR HUNDRED EIGHTY-FOUR THOUSAND SIX HUNDRED THIRTYEIGHT AND 44/100 ($484,638.44) DOLLARS, and against defendant, ANGELINA *993 CASUALTY COMPANY, together with legal interest on all sums from date of judicial demand until paid less a credit of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS, thereby reducing the total award to FOUR HUNDRED SEVENTY-FOUR THOUSAND SIX HUNDRED THIRTY-EIGHT AND 44/100 ($474,638.44) DOLLARS."
We do not think that appellant's allegation of error is correct. If the entire portion of the judgment quoted is read as a whole, it is clear that legal interest is to run only on the reduced amount of $474,638.44. Consequently, Angelina is not required to pay legal interest on the $10,000 for which it was given credit.
For the foregoing reasons the judgment of the trial court is affirmed and the exceptions of no right and no cause of action are hereby overruled and dismissed. The costs of this appeal are assessed to the defendant-appellant.
AFFIRMED, EXCEPTIONS OVERRULED AND DISMISSED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.