I2PARRO, Judge.
In this suit by an employer’s worker’s compensation insurer against the employer’s uninsured motorist insurer for reimbursement for compensation it was obligated to pay an employee as the result of an automobile accident, the trial court granted a motion for summary judgment in favor of the uninsured motorist insurer and dismissed the suit against it. The worker’s compensation insurer appeals. This court reverses and remands.

Facts and Procedural History

While in the course and scope of his employment with Enclean, Inc. (“Enclean”) on March 16, 1991, John E. Oliney (“Oliney”) was injured in an automobile accident involving an uninsured vehicle. At the time of the accident, Enclean had a policy of worker’s compensation insurance with The Travelers Insurance Company (“Travelers”). Enclean also had a policy of automobile liability insurance with National Union Fire Insurance Company (“National Union”) which provided uninsured motorist coverage. The uninsured motorist endorsement to the National Union policy contained an exclusion of coverage for reimbursement for “[t]he direct or indirect benefit of any insurer ... under any workers compensation ... law.”
As a result of Oliney’s injuries, Travelers paid worker’s compensation benefits to him, and has filed this suit against National Union seeking reimbursement for such amounts paid to Oliney. National Union filed a motion for summary judgment on the issue of coverage. The trial court granted National Union’s motion and dismissed Travelers’ suit. Travelers appeals, contending that the trial court erred in determining that the 1989 amendment to LSA-R.S. 23:1101 eliminated uninsured motorist insurers from the definition of third persons who may be sued. Travelers also contends the trial court erred in determining, in effect, that uninsured motorist insurers may circumvent the provisions of LSA-R.S. 23:1101, and the uninsured motorist law, by placing exclusionary language in its policy designed to defeat the intervention of employers and their insurers for reimbursement of worker’s compensation benefits paid by them.
| gStandard of Review
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).

Analysis

Initially, this court must determine if a 1989 amendment to LSA-R.S. 23:1101 eliminated uninsured motorist insurers from the definition of third persons who may be sued. Between the years of 1976 and 1985, LSA-R.S. 23:1101- provided:
When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee’s rights and remedies are *56 limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become[s] obligated to pay as compensation to such employee or his dependents.
This statute provided that when an injury, compensable by workers’ compensation, created a legal liability for the payment of damages in a third person (other than those exempted by the statute), anyone who paid or was obliged to pay worker’s compensation benefits could sue that third person to recover the amount of compensation paid or due. LSA-R.S. 23:1101.
In Johnson v. Fireman’s Fund Insurance Company, 425 So.2d 224, 227 (La.1982), the Louisiana Supreme Court, in interpreting the above statutory language, held that LSA-jR.S.4 23:1101 defined a third person as anyone who is legally liable to pay an employee damages because of his injury who is not included within the list of classifications provided by LSA-R.S. 23:1032. With regard to an uninsured motorist insurer’s classification, the court concluded:
An uninsured motorist carrier is a third person legally liable to pay damages to an injured employee protected by its coverage because it is obliged by law and the issuance of its policy to repair the same damage which the tortfeasor has caused and to guarantee recovery as if the tortfeasor had been insured. Therefore, a worker compensation insurer can recover amounts paid to an injured employee out of uninsured motorist coverage. La.R.S. 23:1101.
425 So.2d at 225. In Johnson v. Fireman’s Fund Insurance Company, the court made it clear that an employer’s uninsured motorist insurer was a third person for purposes of a cause of action under LSA-R.S. 23:1101 by the worker’s compensation insurer to recover amounts paid in compensation benefits to an employee injured by an uninsured motorist.
LSA-R.S. 23:1101 was amended in 1989 by Act No. 454, § 4, which added paragraph “C” to the statute. Following this amendment (and a previous one in 1985), LSA-R.S. 23:1101 read as follows:
A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as “third person”) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee of his dependents, relations, or personal representatives against such third person, not be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the *57 person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
|SC. For purposes of this Section, “third person” shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
National Union contends that subsection “C” was added to limit the definition of third person to those parties who caused the injury. In essence, National Union argues that the legislature enacted subsection “C” to overrule the decision of Johnson v. Fireman’s Fund Insurance Company.
This court begins its analysis by noting that, although this statute has undergone a number of revisions since the supreme court’s decision in Johnson v. Fireman’s Fund Insurance Company, the basic text of LSA-R.S. 23:1101 as it existed at the time of the Johnson decision has changed very little. In comparing the statutory language interpreted in the Johnson decision and the current language contained in subsections “A” and “B,” one could hardly conclude that the legislature intended to do away with the original definition of third person.
Nevertheless, we are now called upon to determine the effect of this substantive change on the definition of third person. See Hanover Insurance Company v. Allstate Insurance Company, 554 So.2d 1261, 1268, n. 3 (La.App. 1st Cir.1989). The courts have the duty to interpret laws as legislated and, when possible, to honor the clear meaning of a statute as revealed by its language, purpose, and history. Sanchez v. Sanchez, 582 So.2d 978, 979 (La.App. 1st Cir.1991). The rules of interpretation of laws are contained in LSA-C.C. arts. 9 through 13. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. The words of a law must be given their generally prevailing meaning. LSA-C.C. art. 11. Moreover, words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3.
In determining whether subsection “C” was intended to restrict or to expand the definition of “third person” set out in subsection “A,” this court notes that the legislature used the word “include” instead of “is” in describing a third person for purposes of the 16statute. The generally prevailing meaning of the word “include” as set forth in Black’s Law Dictionary, (5th ed. 1979), is as follows:
Term may, according to context, express an enlargement and have the meaning of and or in addition to, or merely specify a particular thing already included within general words theretofore used. “Including” within statute is interpreted as a word of enlargement or of illustrative application as well as a word of limitation.
Based on this definition and a comparison of the context of subsections “A” and “C,” this court finds that legislature intended to expand or enlarge, rather than restrict, the definition of third person by the addition of subsection “C.” By this interpretation, any party who meets the conditions of that subsection will be classified as a third person, in addition to those classified as such under subsection “A.” In light of this holding, this court concludes that the supreme court’s decision regarding the definition of a third person in Johnson v. Fireman’s Fund Insurance Company was not overruled by the legislature when it enacted subsection “G” of LSA-R.S. 23:1101. Therefore, an employer’s uninsured motorist insurer is still considered a third person under the facts and circumstance of the Johnson case and this one.
Having concluded that an uninsured motorist insurer is a “third person” for purposes of LSA-R.S. 23:1101, this court must next determine if the language in the uninsured motorist policy excluding reimbursement to the worker’s compensation insurer is enforceable. Although the uninsured motorist policy in Johnson v. Fireman’s Fund Insurance Company contained such an exclusion, the supreme court, due to the procedural posture of the ease, was not required to address this issue. However, a few appellate *58 court opinions have dealt with the validity of such an exclusion. See, e.g., Collins v. Angelina Casualty Company, 517 So.2d 990, 992 (La.App. 3rd Cir.), writ denied, 519 So.2d 106 (La.1987); Williams v. Thonn, 487 So.2d 619, 621 (La.App. 4th Cir.1986); see also William Shelby McKenzie and H. Alston Johnson, III, Insurance Law and Practice, § 118, at 248, in 15 Louisiana Civil Law Treatise (1986).
Uninsured motorist coverage is mandatory in Louisiana, unless such coverage has been rejected by the insured. Historically, the object of the Louisiana uninsured motorist statute, LSA-R.S. 22:1406(D), has always been to promote full recovery for damages by ^innocent automobile accident victims. Tugwell v. State Farm Insurance Company, 609 So.2d 195, 197 (La.1992). Although uninsured motorist coverage is provided for the protection of persons injured by uninsured or underinsured tortfeasors, and not for the benefit of such wrongdoers, the statutorily specified coverage guarantees the injured person’s recovery of damages as if the tortfeasor had been insured. Johnson v. Fireman’s Fund Insurance Company, 425 So.2d at 227; see LSA-R.S. 22:1406(D)(l)(a).. The statute meets this objective by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured. Bond v. Commercial Union Assurance Company, 407 So.2d 401, 410-411 (La.1981); Willett v. National Fire and Marine Insurance Company, 594 So.2d 966, 986 (La.App. 3rd Cir.), writ denied, 598 So.2d 355 (La.1992). The worker’s compensation insurer, as legal subrogee, succeeds to the insured’s statutory right to uninsured/under-insured motorist coverage. See Collins v. Angelina Casualty Company, 517 So.2d at 992.
A tortfeasor may not prohibit a portion of a judgment it pays from going toward reimbursement of the worker’s compensation carrier. Williams v. Thonn, 487 So.2d at 622. If the tortfeasor had been adequately insured, Traveler’s would have been able to recover from the liability insurer amounts paid in worker’s compensation benefits to Oliney. An uninsured motorist insurer is as obligated as the tortfeasor to repair the damage. Id. Since the object of uninsured motorist coverage is to guarantee the injured person’s recovery of damages as if the tortfeasor had been insured or solvent, this court finds that an uninsured motorist insurer may not restrict uninsured motorist coverage so as to exclude reimbursement to the worker’s compensation insurer. See Id.; Collins v. Angelina Casualty Company, 517 So.2d at 992. Therefore, we conclude that the exclusionary clause in the uninsured motorist endorsement to National Union’s policy is invalid and unenforceable.
After a thorough review of the record and the governing law discussed in this opinion, this court is convinced that the trial court erred as a matter of law in granting National Union’s motion for summary judgment.
| (¡Decree
For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment and dismissing Traveler’s claim against National Union is reversed. This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to National Union.
REVERSED AND REMANDED.