670 So.2d 489 (1996)
Wendell FONTENOT
v.
Joseph HENDERSON, Jr., et al.
No. 95-C-2784.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
*490 Christopher E. Lozes, Lozes & Cambre, New Orleans, for Defendants/Relators.
Gordon L. Hackman, Gordon Hackman, Law Corporation, Boutte, for Plaintiff/Respondent.
Before BARRY, KLEES and WALTZER, JJ.
WALTZER, Judge.
STATEMENT OF THE CASE
Wendell Fontenot (Fontenot) sued Joseph Henderson and his insurer for damages allegedly sustained in an automobile accident. The insurer was placed in liquidation and succeeded by Louisiana Insurance Guaranty Association (LIGA). At the time of the accident, Fontenot was a passenger in a vehicle driven by Kenneth Scott and insured by State Farm Mutual Automobile Insurance Company (State Farm). Fontenot also sued State Farm seeking uninsured motorist (UM) coverage under the policy issued to Scott and his wife, Cynthia Scott.
State Farm filed a Motion for Summary Judgment, alleging Scott had been offered and rejected UM coverage. State Farm supported its motion with the affidavit of Cynthia Scott. The motion was never heard.
On 30 November 1994, State Farm and Fontenot entered into a consent judgment dismissing State Farm with prejudice. LIGA subsequently filed a Motion for Summary Judgment finding Cynthia Scott's waiver to be invalid and holding that LIGA had the position of excess insurer over State Farm's $25,000 UM coverage. The trial court denied the motion, and State Farm sought writs of certiorari. We granted certiorari to review the record, and affirm the judgment of the trial court denying LIGA's Motion for Summary Judgment.

STATEMENT OF FACTS
The Acknowledgement of Coverage Selection or Rejection form signed by Cynthia Scott on 9 March 1987 and prepared by State Farm, provides:
Louisiana law requires that no automobile liability policy shall be delivered or issued unless coverage is provided for bodily injury, sickness or disease, including death, caused by owners or operators of uninsured or underinsured motor vehicles. A vehicle is underinsured when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by the insured and/or passengers in the insured's vehicle at the time of the accident, as agreed to by the parties and their insurers or as determined by final adjudication.
I acknowledge and agree that I have the right to be provided with Uninsured Motor Vehicle Coverage in amounts not less than the limits of my automobile bodily injury liability insurance and:
__1. I select Uninsured Motor Vehicle Coverage with lower limits of $______/ $______.
__2. I reject Uninsured Motor Vehicle Coverage completely.
I understand and agree this acknowledgement of coverage selection or rejection shall be applicable to the policy of insurance on the vehicle described below, on all future renewals of the policy, and on all replacement policies until I make a written request for additional coverage or coverage more extensive than that provided on a prior policy. [Followed by description of vehicle and policy.]
In the affidavit submitted in support of State Farm's Motion for Summary Judgment, Cynthia Scott asserts that she "knowingly and intentionally in writing rejected Uninsured Motor Vehicle Coverage." The affidavit further notes:
prior to rejecting [UM] Coverage, a State Farm representative fully explained to her *491 statutory right to be provided with [UM] Coverage in amounts not less than the limits of her automobile bodily injury liability limits of insurance, and her options to select [UM] Coverage with lower limits in any amount she desired or to reject said coverage completely. That she fully understood and comprehended that she had the right to automobile bodily injury liability limits of insurance; and that additionally, she fully understood and comprehended that she could opt to select [UM] Coverage with lower limits in any amount she desired or to reject said coverage completely.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94); 634 So.2d 1180; Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991).
A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B).
All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4 Cir.1993), writ denied 629 So.2d 404 (La.1993).
In Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4 Cir.1993), this Court held:
To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. (citing Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981)).
The papers supporting the position for the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion, supra.
Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc. 396 So.2d 1268 (La.1981).
No summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1 Cir.1980), writ denied, 391 So.2d 460 (La.1980). The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4 Cir.1990), writ denied, 571 So.2d 629 (La.1990). This is true no matter how small the chances of the party opposing the motion to ultimately prevail appear to be. Dearie v. Ford Motor Co., 583 So.2d 28 (La. App. 5 Cir.1991), writ denied 588 So.2d 1117 (La.1991).
A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992), writ not considered 613 So.2d 986 (La.1993).

ANALYSIS
La.R.S. 22:1406(D)(1)(a)(i) requires that UM coverage be provided with every automobile liability insurance policy issued for delivery in Louisiana in not less than the limits of bodily injury liability provided by the policy. The statute provides in pertinent part for rejection of UM coverage:
... however, the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits. In no *492 event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900....
Last year, this court in Esponge v. City of New Orleans, 94-1732 (La.App. 4 Cir. 1/19/95), 650 So.2d 344, 346-347, stated:
The object of La.R.S. 22:1406(D)(1)(a) is to promote full recovery for innocent accident victims by making UM coverage available for their benefit. Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982). Based on the facts alleged in her petition, Mrs. Esponge is just such an innocent victim....
* * * * * *
Now and at the time Mr. Esponge purchased and renewed the insurance policy at issue in the instant case, La.R.S. 22:1406(D)(1)(a) required that UM coverage, equal to the limits of bodily injury liability coverage, be included in all automobile insurance policies [94-1732 La.App. 4 Cir. 4, 650 So.2d 344] delivered or issued for delivery in this state unless the named insured rejected such UM coverage in writing or selected UM coverage in limits lower than bodily injury coverage limits. A valid rejection or selection of lower limits must be in writing and signed by the named insured. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992); Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991). The insurer has the burden of proving that the named insured(s) rejected in writing UM coverage equal to bodily injury liability limits or selected lower limits. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987)
The insurer has a duty to place the insured in a position to make an informed rejection of UM coverage. Henson, 585 So.2d at 539. "Implicit in [La.R.S. 22:1406(D)(1)(a)'s] requirement that the insurer make available to the insured the option of selecting lower limits is the idea that the insured be made aware of that option." Tugwell, 609 So.2d at 199. In Aramburo v. Travelers Insurance Co., 426 So.2d 260 (La. 4th Cir.1983), writs denied, 433 So.2d 161 (La.1983), this court found a rejection of UM coverage invalid where the application offered only UM coverage equal to or in excess of bodily injury liability limits. The application was, as in the instant case, the only evidence of the choices afforded the insured. Because the application did not afford the applicant the option of selecting lower limits of UM coverage, it was held that the insurer failed to meet its burden of proving that the insured rejected UM coverage in an amount "not less than the bodily injury liability limits" or "select[ed] lower limits," as contemplated by La.R.S. 22:1406(D)(1)(a).
In Tugwell, supra, as in the instant case, the application form presented to the insured only provided a space for the insured to reject UM coverage completely. Accordingly, the Louisiana Supreme Court held that the application form "fail[ed] to meet the requirements of the statute." 609 So.2d at 198. In accord, Robinson v. Moore, 580 So.2d 1109 (La.App. 4th Cir. 1991), writs denied, 586 So.2d 557, 558 (La.1991).
Because the record is devoid of any indication that Mr. Esponge was afforded the opportunity of selecting UM coverage in limits lower than the limits of bodily injury liability, [94-1732 La.App. 4 Cir. 5, 650 So.2d 344] defendant LIGA failed to meet its burden of establishing that there was a valid rejection of UM coverage.
The Third Circuit in Holbrook v. Holliday, 93-1639 (La.App. 3 Cir. 6/1/94), 640 So.2d 804, writ denied, 94-1735 (La. 10/7/94), 644 So.2d 642, interpreting a State Farm form found that the form did not meet the Tugwell requirements because an insured acknowledging or agreeing that he or she has the right to the statutorily required UM coverage was not tantamount to the Tugwell requirement of placing the insured in a position to make a "meaningful" selection from his options provided by law. The Court suggested that the entire issue could be easily be resolved by a form that stated:
I select Uninsured Motor Vehicle Coverage in the same amount as the limits of my automobile injury liability;
I select Uninsured Motor Vehicle Coverage with lower limits of $___/$___;

*493 I reject (or, do not want) Uninsured Motor Vehicle Coverage.
In Anderson v. Allstate Ins. Co., 93 1102 (La.App. 1 Cir. 4/8/94); 642 So.2d 208, writ denied, 94-2400 (La. 11/29/94); 646 So.2d 404, the First Circuit interpreted an identical State Farm form and followed the reasoning in Holbrook to find that the form rendered the policy ambiguous such that summary judgment was not appropriate.
The form of record herein gives the policyholder two options, to select UM coverage with inserted lower limits, or to reject UM coverage completely. We find that the form, standing alone, is ambiguous as to whether the insured waived UM coverage. However, this case differs from the above cited ones in that the insured in this case filed a detailed affidavit after the fact, stating that when she signed the form she was fully informed and that she intended to waive UM coverage.
Cynthia Scott's affidavit confirms the ambiguity of the form. The Holbrook Court made clear that a policyholder must be advised of three options: to select UM coverage in the same amount as the limits of the policy's automobile injury liability coverage, to select UM coverage with lower limits, and to reject UM coverage. In the affidavit, while Ms. Scott notes that she knew she had a right to UM coverage of not less than her bodily injury liability limits, she states, twice in the affidavit, that she had two options, to select UM coverage with lower limits or to reject UM coverage. There is no indication that she was given the option to select UM coverage of at least the amount of her bodily injury liability coverage, and there is no place on the form where she could sign to signify that she was exercising that option.
Viewing the evidence de novo in the light most favorable to the party opposing LIGA's Motion for Summary Judgment, we find LIGA has failed to sustain its burden of proof and affirm the trial court's judgment denying LIGA's Motion for Summary Judgment.
WRIT GRANTED. JUDGMENT AFFIRMED.