hDECUIR, Judge.
The primary issue on this appeal is whether uninsured motorist coverage was provided under a garage liability policy issued by Shelter General Insurance Company. A secondary issue is.whether the claimant is covered under the terms of the policy. For the reasons that follow, we affirm the trial court’s judgment.
The underlying facts are not disputed. On June 14, 1995, Bobby Hoey was employed by Leroy Chaisson d/b/a Automotive Specialist as its shop foreman. On that date, while in the course and scope of his employment, Hoey wag test driving a customer’s vehicle when he was rear-ended by an auto owned and operated by Jacob Valentine. The sole cause of the accident was the negligence of Valentine. Hoey was injured and subsequently settled for the $25,000.00 policy limits of Valentine’s insurance. In addition, he settled for $50,000.00 with his personal uninsured motorist carrier.' In this suit, Hoey sought additional uninsured motorist coverage under Chaisson’s garage liability policy issued by Shelter.
|2The parties stipulated that Hoey was operating a non-owned vehicle under the terms of the Shelter policy and that the policy provided coverage for the automobile which was being used in auto garage operations. Further, the parties agreed that Hoey was insured for liability while operating the customer’s vehicle at the time of the accident. The parties also stipulated that there was no rejection of uninsured motorist coverage as required by La.R.S. 22:1406. Finally, the parties agreed that should uninsured motorist coverage be found to exist, Hoey would be entitled to judgment in the amount of $275,-000.00 plus interest.
*514 The trial court found that the Shelter garage liability policy provided uninsured motorist coverage and granted Hoey’s motion for summary judgment and denied Shelter’s cross motion. Shelter lodged this appeal.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342, 345 (La.1991). A dispute as to whether, as a matter of law, the language of an insurance policy provides coverage to a party can be properly resolved within the context of a motion for summary judgment. Pridgen v. Jones, 556 So.2d 945 (La.App. 3 Cir.1990).
UNINSURED MOTORIST COVERAGE
Shelter contends that the trial judge erred in finding that its policy provided uninsured motorist coverage. Shelter first argues that the policy is a garage liability insurance policy and not an automobile liability policy. Therefore, Shelter contends the mandatory uninsured motorist coverage provided under La.R.S. 22:1406(D)(l)(a) is not applicable. We disagree.
IsLa.R.S. 22:1406(D)(l)(a)(i) provides that uninsured motorist coverage is required by law for any “automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle.” The statute is to be liberally construed, and exceptions to mandatory uninsured motorist coverage are to be strictly interpreted. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992).
We first note that the statute does not require that the policy in question be an automobile liability policy. Rather, the statute applies to automobile liability coverage covering liability arising out of the ownership, maintenance or use of any motor vehicle. Liberally construing the statute, we conclude that any policy, however designated, which provides such coverage, is subject to the requirements of the statute. Accordingly, we must determine whether the Shelter policy provides automobile liability coverage for liability arising out of the ownership, maintenance or use of any motor vehicle.
Shelter’s policy provides coverage for:
The ownership, maintenance or use of the premises for the purposes of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto: and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, a partner therein or a member of the household of any such person.
(Emphasis added).
“[Ijnsurance policies are to be construed in their ordinary and popular sense, with any ambiguities construed against the insurer which prepared the policy and in favor of coverage.” Guillory v. Morein, 468 So.2d 1254, 1257 (La.App. 3 Cir.1985). We find that the language of the policy clearly covers the use of an automobile, albeit under limited circumstances. Accordingly, the provisions of La.R.S. 22:1406(D)(l)(a) are applicable.
UOur conclusion is supported by an examination of the insurance application. The application indicates that the policy provides automobile medical payments coverage. Moreover, the application provides a space to designate whether the applicant desires uninsured motorist coverage. While not in the proper form for a valid rejection under the statute, this portion of the application was filled out by Shelter’s agent. Under these circumstances, we conclude that the Shelter policy provides uninsured motorist coverage by operation of La.R.S. 22:1406(D)(l)(a).
WAS HOEY COVERED?
Shelter argues that even if its policy provides uninsured motorist coverage, Hoey is not covered by virtue of exclusions in its policy. We disagree.
Shelter’s policy provides the follow-^ ing definition of insured:
With respect to the insurance under coverages A, B and D the unqualified word “insured” includes the named insured and also includes (1) any partner, employee, *515 director or stockholder thereof while acting within the scope of his duties as such, ... and any person while using an automobile covered by this policy, ... provided the actual use of the automobile is by the named insured or with his permission.
Louisiana law requires that uninsured motorist coverage shall extend to-all insureds under the policy. Hobbs v. Rhodes, 95-1937 (La.App. 4 Cir. 11/30/95); 667 So.2d 1112, writ denied, 96-0733 (La.5/3/96); 672 So.2d 691. Hoey is an insured for liability purposes under the clear terms of the policy.
Shelter contends that its exclusions for liability arising out of injuries to employees in the course and scope of their employment or for which the insured may be liable under workers’ compensation laws disqualify Hoey from recovery under the policy. This court addressed this precise question in Collins v. Angelina Cas. Co., 517 So.2d 990 (La.App. 3 Cir.1987), writ denied, 519 So.2d 106 (La.1987). In Collins, addressing virtually identical exclusions in a business automobile insurance policy, we concluded that not all provisions of a policy will apply to uninsured motorist coverage. 15We noted that in some eases courts simply declare such provisions invalid or unenforceable, reasoning that the mandatory requirement of uninsured motorist coverage cannot be undercut or restricted by policy provisions. Collins, 517 So.2d 990. Accordingly, we find that the exclusions relied on by Shelter do not apply to uninsured motorist coverage.
CONCLUSION
For the foregoing reasons, judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant, Shelter General Insurance Company.
AFFIRMED.