ARMSTRONG, Judge.
Plaintiff, the executrix of the estate of Manuel Molero, filed this lawsuit against the defendants, Perry R. Bass et al, for payment of overriding royalties which are allegedly due according to the terms of a contract between S.W. Richardson and Manuel Molero dated August 16, 1945. In pertinent part that contract reads as follows:
August 16, 1945
It is agreed between S.W. Richardson and Manuel Molero that if during the period that the Delacroix Corporation-Coastal Corporation-S.W. Richardson Lease is in force and effect by production or otherwise, the said Richardson obtains oil, gas or mineral leases in the Parishes of Plaquemines or St. Bernard, Louisiana, East of the Mississippi River, from *781 the State of Louisiana or other owners, said Richardson, upon execution and rec-ordation of any of such leases, shall assign to Manuel Molero an overriding royalty out of the oil, gas or other minerals produced under such leases so obtained,
[[Image here]]
This agreement on the part of S.W. Richardson to assign royalties shall remain in force and effect only so long as the Delacroix Corporation-Coastal CorporationS.W. Richardson Lease remains in full force and effect.
7s7 S.W. Richardson
S.W. Richardson,
Assignor
7s7 Manuel Molero
Assignee
The alleged consideration for this contract was that Molero would use his influence in St. Bernard and Plaquemines Parishes in order to assist Richardson in acquiring leases in these areas. Pursuant to this agreement, Mr. Molero received 360 assignments of overriding royalty payments between the years 1945 and 1949. Mr. Molero received no royalty payments after 1949.
In 1950, Mr. Molero wrote a letter to Mr. Richardson demanding payment of overriding royalties from the producing areas on which Richardson had been assigned leases by Humble Oil Company in 1948. Richardson did not pay Molero overriding royalties on these leases, and eventually, this suit was filed by the executrix of the estate of Manuel Molero.
The plaintiff asks to be recognized as the owner of overriding royalty rights in the Pointe a la Hache field. Assignments of many of the leases in the Pointe a la Hache area to Richardson from Humble Oil (Pointe a la Hache-Humble Oil Leases) were obtained during the existence of the Delacroix Corporation-Coastal Corporation lease and are still maintained by production. Through those assignments Richardson acquired a 65% interest in the leases assigned from Humble and Humble acquired a 35% interest in Richardson leases.
After our original opinion in this case, Molero v. Bass, 478 So.2d 929 (La.App. 4th Cir.1985), we issued an order referring the issue of the Pointe a la Hache-Humble Oil leases to a five judge panel. On our own motion, we later rescinded that order. The defendants then applied to the Louisiana Supreme Court for a Writ of Certiorari. In Molero v. Bass, 479 So.2d 915 (La.Sup.Ct.1985) that writ was granted, and this court was ordered to reconstitute itself as a five judge panel to reconsider the ownership of the overriding royalties on the Pointe a la Hache-Humble Oil Leases.
Plaintiff claims that under the terms of the 1945 agreement she is entitled to overriding royalties on the Pointe a la Hache-Humble Oil Leases.
The trial court, applying the doctrine of ejusdem generis, interpreted the contract as follows:
[Tjhis court finds that the issues raised by the plaintiff in the assertion of her claim to overriding royalties on the many leases and mineral lease assignments between defendants and various lessors and assignors is resolved by the terms of the August 16, 1945 agreement. There can be no disputation that the State of Louisiana was at all times a landowner in this area, and no showing was made at any time that the State of Louisiana was anything other than a landowner or a lessor. It is plainly in that context that the agreement was couched when the phrase “or other owners” as stated (sic).
Under the ejusdem generis rule for the interpretation of contracts the meaning of the phrase “or other ownérs” is to be found in the words which preceded it. Thus “or other owners” must be construed to be of the same kind, character or capacity as the preceeding classification.
[[Image here]]
This court finds that this was the meaning attached to the contract by the parties themselves ... By the terms of the agreement and by the contemplation of the parties for the obligation to make the assignment of overriding royalty to *782 become operable and executory the affected lease had to be one entered into by a landowner. There was no obligation to make an overriding royalty assignment effective on an assignment of a previously granted lease. (Emphasis added.)
Plaintiff advances several arguments in contention that the trial court erred in its interpretation of the 1945 agreement as regards the Pointe a la Hache-Humble Oil Leases.
First, plaintiff avers that in its interpretation of the contract the trial court improperly juxtaposed a modifying clause in the first paragraph of the agreement. It is apparent that the trial court read the prepositional phrase “from the State of Louisiana or other owners” as modifying the verb “obtains”. Plaintiff claims that the court should have read the phrase “from the State of Louisiana or other owners” as modifying the object “oil gas or mineral leases in the Parishes of Plaque-mines or St. Bernard Louisiana, east of the Mississippi River.”
We must agree with the trial court’s interpretation of that portion of the contract, as it is the most commonsensical interpretation of the contract. See LSA-C.C. Art 1946. (Now LSA-C.C. Art. 2047). Plaintiffs interpretation appears to be an attempt on its part to create ambiguity where none actually exists.
Second, plaintiff argues that the trial court incorrectly applied the doctrine of ejusdem generis, which requires that general terms following specific terms be construed as being of a character with the specific terms. See Borde v. New Orleans & G.N.R. Co., 140 So. 810 (La.App. 1st Cir.1932) and River Rouge Minerals Inc. v. Energy Resources of Minnesota, 331 So.2d 878 (La.App. 2nd Cir.1976). We do not agree with plaintiffs argument. The issue before us is whether Mr. Molero was entitled to overriding royalties on the assignments of leases Richardson obtained through the Humble Oil pooling agreement. Plaintiff argued that the agreement is ambiguous regarding whether Molero was to obtain such overriding royalties. Therefore the trial court correctly resorted to the rule of ejusdem generis in order to interpret the contract. We find no error in the trial court’s determination that under the rule of ejusdem generis the phrase “or other owners” should be interpreted as being of the same character as the State of Louisiana, i.e. landowner or lessor, rather than lease-owners or lessees.”
Third, plaintiff claims that use of the term “lease or contract royalty” in the second paragraph of the contract is an indication that Richardson intended the contract to extend overriding royalties to Mole-ro on leases obtained by assignment from other lessees. Plaintiff argues that if Richardson had truly intended to limit Molero’s royalty rights under the contract to those instances in which Richardson obtained the leases directly from the landowner or lessor, Richardson would not have used the phrase “contract royalty” because “contract royalty” implies that assignments of leases, such as those between Humble and Richardson, were covered by the agreement. The executrix also proposes that if the preposition “and” had been used instead of “or” “an argument could perhaps be made that it was a redundant expression both times referring to lease royalty.” We think that in this instance “or” is used in its synonymous character so that the phrase “contract royalty” is in fact a repetitive term for “lease royalty”.
Plaintiff makes two additional arguments based on the premise that the contract is ambiguous. First plaintiff argues that since the contract is ambiguous it should be interpreted as executed. Second, plaintiff claims that the trial court erred in not allowing into evidence an affidavit by Ed Hill, Richardson's Louisiana agent, which indicates that Richardson authored the contract. Plaintiff avers that if Richardson drew up an ambiguous contract, as obligor under the contract any ambiguities in it should be construed against Richardson and in favor of Molero. LSA-C.C. Art 1957 (revised, now LSA-C.C. Art. 2057). However, neither one of these arguments *783 is viable since a common-sense reading of the contract and the application of the rule of ejusdem generis resolve any ambiguities in the contract in favor of the defendant.
In addition, our interpretation of the contract is consistent with the facts as they appear in the record. It is undisputed that Richardson granted Molero the overriding royalties as compensation for Molero’s assistance in acquiring oil, gas and mineral leases throughout St. Bernard and Plaque-mines Parishes. Clearly Molero would have been helpful to Richardson in acquiring such leases from local landowners, or in assisting Richardson in obtaining State owned mineral leases. While Mr. Molero’s influence may have been considerable under these circumstances, and therefore of value to Richardson, it would not appear that Mr. Molero’s assistance would be of any value in negotiations between a large oil company, such as Humble, and Richardson, who was already a substantial force in the oil industry at the time he entered into the contract with Molero.
For the foregoing reasons we conclude that the trial court correctly determined that plaintiff is not entitled to overriding royalties on the Pointe a la Hache-Humble Oil leases. In that respect the judgment of the trial court is affirmed.
In all other respects the original opinions and decree of the original three judge panel, Molero v. Bass, 478 So.2d 929 (La.App. 4th Cir.1985) are reinstated by that panel.
AFFIRMED.
GARRISON and BYRNES, JJ., dissent with reasons.