BYRNES, Judge.
Plaintiff, Joseph Iwanowski, appeals the trial court’s judgment affirming the revocation of his license and suspension by the Louisiana Racing Commission. We reverse.
Since May, 1987, the Rules of Racing mandate that all racing officials submit to daily breathalyzer tests and random urine sample drug tests as provided for in LAC 35:1791 and 1793. On April 17, 1989, Louisiana State Racing Commission Auditor Joseph Iwanowski refused to submit to the daily breathalyzer test and random drug test. Iwanowski was told he would have to submit a urine sample on the next racing day, April 21, 1989. On April 21, 1989, Iwanowski refused to submit to the breathalyzer and drug test. Iwanowski stated that he was not covered by the Louisiana Rules of Racing. Later that day, Iwanow-ski consented to the drug test but refused to take the breathalyzer test. He then stated he would refuse to participate in either the breathalyzer or drug test from that date onward. Nonetheless, the commission concedes in brief that Iwanowski has submitted to all drug testing since that date under objection and protest.
After a hearing on April 23, 1989, the State Racing Stewards issued a decision to suspend Iwanowski for the balance of the Evangeline Downs thoroughbred meet plus ten days. Upon granting Iwanoski’s sus-pensive appeal, on June 29, 1989, the State Racing Commission found: (1) Iwanowski was a licensed Racing Commission Auditor under the jurisdiction of the Racing Commission, (2) Iwanowski refused to abide by the rules and regulations set forth by the Racing Commission and the Statutes of the State of Louisiana, specifically LSC 35:1791-1793, and (3) Iwanowski refused an order by the State Steward to submit to the breathalyzer test on April 21, 1989, and thus was in violation of LSA-R.S. 4:152(A)(6). The Racing Commission upheld the Steward’s ruling, revoked Iwanow-ski’s license effective June 29, 1989, and denied him all privileges under the jurisdiction of the commission during the period of suspension. Iwanowski appealed to the Orleans Civil District Court, which upheld the decision of the Racing Commission and dismissed Iwanowski’s petition.
Iwanowski perfected this appeal, claiming that the (1) breathalyzer and drug tests required by the Rules of Racing are unconstitutional; and (2) if they are not unconstitutional, they do not apply to his job classification. Iwanowski contends that on June 29, 1989, the Rules of Racing sections 1791 and 1793 did not apply to state auditors. Before September, 1989 the Rules of Racing, Section 1791(A) stated “No permittee or official ...”. Because the disjunctive was used, “permittee” could not be construed to be encompassed by “official” in the test that followed. La.C.Cr.P. Art. 6. Hence, state auditors are not included in the definition of officials.
Rules of Racing, section 1791, Testing for Dangerous Substance Abuse stated:
B. Every official, jockey, trainer and groom for any race at any licensed racetrack may be subjected to a urine test, or other non-invasive fluid test at the discretion of the state steward in a manner prescribed by the Louisiana State Racing Commission ...
Rules of Racing, section 1793, Testing for Alcohol Abuse, stated:
Officials, jockeys, trainers, and grooms shall, when directed by the state steward, submit to a breathalyzer test....
LSA-R.S. 4:143(9) defines Racing Official as “one of the officials of a race meeting as follows: stewards, placing judges, patrol judges, clerk of scales, starter, handieap-per, timer, paddock judge, the racing secretary.” The statute specifically defines Racing Official and “state auditor” is not included.
In the interpretation of a statute, words of general import are limited by words of restricted meaning which immediately follow them and relate to the same *88 subject. State v. Texas Co., 205 La. 417, 17 So.2d 569 (1944). State auditor is not in the same genus as “jockeys, trainers, and grooms”, nor of “stewards, placing judges, patrol judges, ... the racing secretary.”
Because we conclude that the Rules of Racing, sections 1791 and 1793, up until September 1989, did not encompass state auditors for drug testing, we will not consider the further issue of the constitutionality of random drug testing for state auditors.
For the foregoing reasons, the judgment of the trial court is reversed at defendant’s costs, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.