hARMSTRONG, Judge.
In this personal injury action, the plaintiff, Charles Robinson, appeals from a judgment *244 denying his motion for a new trial from a summary judgment dismissing his claim for uninsured motorists payments against the defendants, Guaranty National Insurance Company and Landmark American Insurance Company. For the following reasons, we now affirm.
The plaintiff was operating a passenger automobile owned by his son, Carlos Robinson, when he was struck by another vehicle. The other driver’s insurer settled with the plaintiff to the limits of its policy. Plaintiff now seeks to recover uninsured motorists insurance under the policy issued by the defendants to Doctors Ride, Inc. (“Doctors Ride”). The trial court granted the defendants’ motion for summary judgment and denied the plaintiffs motion for a new trial without giving written reasons. There is no transcript in the record of the oral reasons given for the initial summary judgment or the denial of the motion for new trial. However, both the plaintiff and the defendants represent that the trial court found there had been a valid rejection of UM coverage by Doctors Ride applicable to Carlos Robinson and the plaintiff.
I2I11 Moore v. Delta Waste System, Inc., 96-1984 (La.App. 4th Cir. 3/12/97), 690 So.2d 1108, this court set out the applicable law on summary judgments:
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. The summary judgment article, La. C.C.P. art. 966, was amended by the Louisiana Legislature in 1996. See 1996 La. Acts, No. 9. The amended version of article 966 became effective on May 1, 1996 and states that the summary judgment procedure is favored and “shall be construed to accomplish these ends.” This Court has interpreted the amended version of C.C.P. art. 966 to be procedural in nature and, therefore, subject to retroactive application. La. C.C. art. 6. Short v. Gif-fin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249. It is also evident that the legislature, by now “favoring” summary judgments has legislatively overruled the presumption against summary judgments that has developed in the jurisprudence.
However, regardless of whether or not summary judgments are favored, the amended version of C.C.P. art. 966 does not change the law regarding the burden of proof in a summary judgment proceeding. The burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966C. Only after the mover has met this burden may summary judgment be rendered against “an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La. C.C.P. art. 966C. The adverse party cannot rest on the mere allegations or denials of his pleadings. La. C.C.P. art. 967.... (Footnotes omitted.)
La. R.S. 22:1406(D)(l)(a) provides that any insurance policy delivered in this state covering liability arising out of the ownership, maintenance or use of any motor vehicle provide UM coverage unless the named insured rejects such coverage in writing. The object of UM coverage is to promote full recovery for innocent accident victims. Fon-tenot v. Henderson, 95-2784 (La.App. 4th Cir. 2/15/96), 670 So.2d 489. While the parties primarily address the question of whether there was a valid rejection of UM coverage, we find the dispositive issuejjto be whether the plaintiff was insured under the terms of the policy. La. R.S. 22:1406 requires that insurance policies provide UM coverage only for persons insured under the policy. Seaton v. Kelly, 339 So.2d 731 (La.1976); Barnes v. Thames, 578 So.2d 1155 (La.App. 1st Cir.1991), writs denied, 91-0613, 91-0616 (La.4/26/91), 577 So.2d 1009.
The commercial automobile policy in question was issued to Doctors Ride. The plaintiffs son, Carlos Robinson, leased his vehicle, one 1984 Oldsmobile Royal, VIN # 1G3AY69Y4EM754012, to Doctors Ride for one year beginning June 6, 1993 and ending on June 6, 1994. The accident in question occurred on August 20,1993, during the lease period. The lease agreement is between Carlos Robinson, as lessor, and Doctors Ride *245 Transportation, Inc., as lessee. The lease is signed by Carlos Robinson, as lessor, and Julia Hayes, Rita Lisenby, and Earnest Li-senby, as lessees. The capacities of the three individuals signing as lessees are not indicated but, presumably, they are corporate representatives of Doctors Ride.
The policy issued by the defendants afforded coverage “TO DOCTORS RIDE, INC. AND ITS AUTHORIZED OWNER OPERATORS ONLY” and that the “POLICY ONLY APPLEED] WHEN THE SPECIFICALLY DESCRIBED VEHICLES [each leased vehicle was described in the policy] ARE USED FOR BUSINESS PURPOSES, EXCEPT IN EMERGENCY SITUATIONS.”
By affidavits dated June 15, 1995, the plaintiff and his son, Carlos Robinson, attested that the plaintiff had Carlos Robinson’s permission to operate the vehicle in question and was operating it with Carlos’ permission at the time of the accident. These affidavits were filed with the court on August 17, 1995. On November 15,1995, the plaintiff filed two more affidavits, one from himself and Lone from Carlos, both dated October 6, 1995. In these affidavits both the plaintiff and Carlos attest that the plaintiff had a power of attorney from Carlos to manage his business affairs and that at the time of the accident the plaintiff was driving the vehicle to get it repaired in furtherance of Carlos Robinson’s business with Doctors Ride. The power of attorney authorized the plaintiff to lease the vehicle in question, to deposit monies from the leasing of the vehicle, and to make any decision “THAT NEED TO BE DONE FOR PRODUCTION [sic] TO THE [vehicle].” This power of attorney is dated July 2, 1993. This is after the June 6, 1993 lease agreement entered into between Carlos Robinson and Doctors Ride.
In Milano v. Bd. of Commissioners of Orleans Levee District, 96-1368 (La.App. 4th Cir. 3/26/97), 691 So.2d 1311, this court commented on the interpretation of insurance policies, stating:
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts. Smith v. Mathews [Matthews], 611 So.2d 1377 (La.1993). The intent of the parties, as reflected by the words of the policy, determines the extent of coverage. La. C.C. art.2045; Louisiana Ins. Guar. Ass’n. v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759. An insurance policy should not be interpreted in an unreasonable or restrained manner so as to enlarge or restrict its provisions beyond what is contemplated by its terms or so as to result in an absurd interpretation. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. Unless the words and phrases in a policy have acquired a technical meaning, they must be construed using their plain, ordinary and generally accepted meaning. Interstate, 630 [So. 2d] at 763. If the language of the policy is clear, unambiguous, and expressive of the intent of the parties, the policy must be enforced as written. Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981 (La.1991). However, if there is an ambiguity, the ambiguous provision must be construed against the insurer and in favor of the insured. Reynolds, supra.
Carlos Robinson was the owner of the vehicle in question. The plaintiff was not the owner. Since the plaintiff, the father of Carlos Robinson, was not the owner, he could not have been an “OWNER OPERATOR” afforded coverage |5under the policy. The plaintiff was not an insured under the plain and unambiguous terms of the policy.' The defendants made a prima facie showing that there was no genuine issue as to material fact and that they were entitled to judgment as a matter of law. The plaintiff failed to make a showing sufficient to establish proof that he was an insured under the terms of the policy and entitled to UM coverage. Therefore, summary judgment in favor of the defendants was proper. The trial court properly denied the plaintiffs motion for a new trial.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.