764 So.2d 87 (2000)
Lisa SOMMERS, et al.
v.
STATE FARM FIRE AND CASUALTY COMPANY.
No. 99-CA-2586.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 2000.
*88 Maury A. Herman, Steve Herman, Herman, Herman, Katz & Cotlar, LLP, New Orlans, LA, Counsel for Plaintiffs/Appellees.
E. Ross Buckley, Jr., Michele D. Ahlers, Buckley & Hayes, New Orleans, LA, Counsel for Defendant/Appellant.
(Court composed of Judge WILLIAM H. BYRNES, III, Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY).
ARMSTRONG, Judge.
This is a tort action involving property damage due to fire. State Farm Fire and Casualty Company ("State Farm") was sued as the liability insurer of the alleged tortfeasor. State Farm filed exceptions of no right of action as to each of the several plaintiffs, challenging the right of each to bring suit for the alleged damages, as well as a motion for summary judgment based upon two exclusions in the State Farm policy at issue. The plaintiffs filed a motion for partial summary judgment to the effect that there is coverage for their claim under the State Farm policy at issue. The trial court overruled State Farm's exceptions, denied State Farm's motion for summary judgment, and granted the plaintiffs motion for partial summary judgment. That judgment was made a final, appealable *89 judgment pursuant to Article 1915 of the Code of Civil Procedure.
For the reasons given below, we determine that the Succession of Frank A. Mumfrey, Jr. is the only proper party to bring the claim in this case. Thus, we affirm the trial court judgment insofar as it overrules the exception of no right of action as to the Succession. Also, because the Succession is the only proper party to bring the claims in this case, we will reverse the trial court judgment insofar as it overrules the exceptions of no right of action as to the plaintiffs other than the Succession. As to the policy exclusions raised by State Farm, we will affirm the trial court judgment denying State Farm's motion for summary judgment and granting the plaintiffs' motion for partial summary judgment.
It is apparent from the briefs that the material facts in this case are not in dispute. Frank A. Mumfrey, Jr. owned the property, including a building thereon, at 2425 Camp Street in New Orleans. He leased that property to his son, Frank A. Mumfrey, III, and to the Cerniglia Family Trust. Frank A. Mumfrey, Jr. died on June 10, 1994. Following his death, the property at 2425 Camp Street was leased to Frank A Mumfrey, III and to the Cerniglia Family Trust by the Succession of Frank A. Mumfrey, Jr.
On January 17, 1996, while the property was under lease by the Succession to Frank A Mumfrey, III and the Cerniglia Family Trust, a fire destroyed the building on the property. Subsequent to the fire, on June 10, 1996, the heirs of Frank A. Mumfrey, Jr., which heirs were Frank A. Mumfrey, III, Lisa Sommers and Mary Ahten, were placed into possession of the property. The June 10, 1996 Judgment Of Partial Possession put the heirs into possession of the immovable property but not of any cause of action arising from the fire. Two days later, on June 12, 1996, two of the heirs, Lisa Sommers and Mary Ahten, sold their interests in the immovable property to Frank a. Mumfrey, III. The Act of Sale between Lisa Sommers, Mary Ahten and Frank A. Mumfrey, III recited that the Succession had retained any cause of action for damages due to the fire.
The cause of Action for damages due to fire arose when the Succession was still in possession of the immovable property and the heirs were never put into possession of that cause of action. Thus, the Succession has, and always had, the cause of action. Consequently, the Succession is the only proper party to bring the present suit which asserts a claim in tort for damages caused by the fire. Therefore, we will affirm the judgment below overruling the exception of no right of action as to the Succession and we will reverse the judgment below insofar as it overrules the exceptions of no right of action as to the other plaintiffs named in the petition (Lisa Sommers, Mary Ahten, and Frank A. Mumfrey, III individually). The Succession, and only the Succession, is the proper party plaintiff.
We next turn to the policy exclusions which are the subject of State Farm's motion for summary judgment and the plaintiffs' motion for partial summary judgment. The plaintiffs alleged that State Farm's insureds were the lessees of the property and are liable for the fire and that there is coverage for that liability under the State Farm policy. Actually, the lessees for the property which burned at 2425 Camp Street are Frank A. Mumfrey, III and the Cerniglia Family Trust whereas the named insureds on State Farm's policy are Frank A. Mumfrey, III and Samuel J. Cerniglia. Neither side's briefs raise any issues as to the fact that the Cerniglia Family Trust was one of the two lessees whereas Samuel J. Cerniglia individually was one of the two named insureds. Presumably, this is both because any liability for the fire would extend to Samuel J. Cerniglia individually either instead of or in addition to the Trust and because, in any event, Frank A. Mumfrey, III is both a lessee and a named insureds. Thus, there is coverage under *90 the State Farm policy unless one of the two exclusions urged by State Farm is applicable.
State Farm first argues that there is no coverage because, under "Exclusion 11", there is no coverage for liability due to property damage to property that the named insured "own, rent or occupy". State Farm then points out that it is undisputed that its named insureds leased (i.e. "rented") the property which burned. However, as we will explain below, the exclusion to which State Farm refers applies to only one of several coverages provided in the State Farm Policy. We have attached as an appendix to this opinion a copy of the Table of Contents page from the policy. Under the broader heading "Section II", there are a number of headings including two which are pertinent to the case at handone for "Comprehensive Business Liability" and one for "Property Damage Legal Liability".
In the portion of the policy covered by the heading "Comprehensive Business Liability", the coverage dealt with is described further as "Coverage L - Business Liability". The "Exclusion 11" referred to by State Farm appears in the portion of the policy covered by the heading "Comprehensive Business Liability" and, more particularly, under the sub-heading "Business Liability Exclusions". There it is stated, in pertinent part:
Under Coverage L, this insurance does not apply:
* * *
II. to property damage to:
a. property you own, rent or occupy[.].
Thus, the "Exclusion 11" referred to by State Farm applies only to "Coverage L-Business Liability" as provided in the "Comprehensive Business Liability" portion of the policy.
In the portion of the policy covered by the heading "Property Damage Legal Liability" there is provision of coverage for "those sums that the insured becomes legally obligated to pay as damages, other than damage to glass in buildings which you do not own, because of property damage to premises (including permanently attached fixtures) rented to or occupied by you". This provision, of course, is not affected by the "Exclusion 11" referred to by State Farm because it is not a part of the "Comprehensive Business Liability" a/k/a "Coverage L-Business Liability" portion of the policy to which "Exclusion 11" applies. We note, however, that while the limit of insurance for the "Comprehensive Business Liability" a/k/a "Coverage Business Liability" coverage is $1,000,000, the "Property Damage Legal Liability" coverage is limited to $300,000. Thus, "Exclusion 11" and the "Property Damage Legal Liability" coverage are not contradictory. "Exclusion 11" prevents application of the higher $1,000,000 limit of "Coverage L". In any case, of course, if there is any ambiguity in the policy as to coverage, that ambiguity, must be resolved in favor of coverage. E.g., Robinson v. National Automotive Ins. Co., 96-1775 (La.App. 4 Cir. 4/16/97), 693 So.2d 243, writ denied, 97-1703 (La.10/31/97), 703 So.2d 22; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. Thus, if the two provisions were contradictory, we would have to resolve that contradiction in favor of coverage.
The other exclusion referred to by State Farm is "Exclusion 10", which relates to "Professional Services". This exclusion, like "Exclusion 11", appears among the exclusions of the "Comprehensive Business Liability" a/k/a "Coverage L-Business Liability" portion of the policy and thus, like "Exclusion 11", has no effect on the "Property Damage Legal Liability" coverage. Thus, for much the same reasons that we have found "Exclusion 11" inapplicable we also find "Exclusion 10" inapplicable.
Also, we do not believe that "Exclusion 10" has any application to the present *91 case because Frank A. Mumfrey, III's serving as executor of his father's estate does not constitute "Professional Services".[1] The exclusion reads as follows:
10. to bodily injury, property damage or personal injury due to rendering or failure to render any professional services or treatments. This includes but is not limited to:
a. legal, accounting or advertising services;
b. engineering, drafting, surveying or architectural services, including preparing, approving, or failing to prepare or approve maps, drawings, opinion, reports, surveys, change orders, designs or specifications;
c. supervisory or inspection services;
d. medical, surgical, dental x-ray, anesthetical or nursing services or treatments, but this exclusion only applies to an insured who is engaged in the business or occupation of providing any of these services or treatments;
e. any cosmetic, tonsorial or ear piercing services or treatments;
f. optometry or optical or hearing aid services including:
1) prescribing, preparing, fitting, demonstrating or distribution of ophthalmic lenses and similar products; or
2) hearing aid devices;
g. mortuary or veterinary services or treatments;
h. chiropractic, massage, physiotherapy, chiropody or osteopathy services or treatments; and
i. pharmaceutical services, but this exclusion does not apply to an insured who is a retail druggist or drugstore;
We recognize that, by its own terms, the exclusion's meaning as to "professional services or treatments" is not limited to the specific items listed in the exclusion. However, we believe that the phrase `professional services" connotes something that is pursued regularly as one's vocation and also, to at least some extent, the pursuit of a vocation which requires specific formal education or special skills or training. For example, Black's Law Dictionary (Sixth Edition) defines "profession", in pertinent part, as: "A vocation or occupation requiring special, usually advanced, education, knowledge and skill, e.g. law or medical professions".
The specific items listed in the exclusion are consistent with our own understanding of the word "professional" and the dictionary definition of "profession" and, in that connection, we believe that this is an appropriate case for the application of the doctrine of ejusdem generis. Under that doctrine, general terms following specific terms are "construed as being of a character with the specific terms". Molero v. Bass, 486 So.2d 780 (La.App. 4th Cir.), writ denied, 488 So.2d 1020 (La.1986). Accord The Continental Group, Inc. v. Allison, 404 So.2d 428 (La.1981), cert denied, 456 U.S. 906, 102 S.Ct. 1753, 72 L.Ed.2d 163 (1982). In "Exclusion 10", the general terms preceed the specific terms, but we believe the principle is the same: the general terms should be construed to encompass things similar or analogous to those in the specific terms. As Frank A. Mumfrey, III's service as executor is not at all similar to or analogous to the regularly-pursued highly-skilled occupations specifically listed in "Exclusion 10", we do not think that his acting as executor constitutes "professional services" within the meaning of that exclusion. Lastly, there is no assertion that Samuel J. Cerniglia rendered any "professional services".
For the foregoing reasons, we affirm the judgment of the trial court insofar as it overrules the exception of no right of action as to the Succession, reverse the judgment *92 of the trial court insofar as it overrules the exceptions of no right of action as to the other plaintiffs, and affirm the judgment of the trial court insofar as it denies State Farm's motion for summary judgment and grants the plaintiffs' motion for partial summary judgment.
AFFIRMED IN PART; REVERSED IN PART.

 APARTMENT POLICY - SPECIAL FORM 3
 TABLE OF CONTENTS
 APPENDIX
DECLARATIONS: Named Insured Limits of Insurance
 Location of Covered Premises Coverages and Property
 Policy Period Deductibles
 Beginning on Page
AGREEMENT 1
DEFINITIONS 1
SECTION I
 PROPERTY COVERAGES
 Coverage A - Buildings 2
 Coverage B - Business Personal Property 2
 Property Not Covered 2
 Property Subject To Limitations 3
 Inflation Coverage 4
 Coverage C - Loss Of Income 4
 LOSSES INSURED AND LOSSES NOT INSURED
 Losses Insured 6
 Losses Not Insured 6
 EXTENSIONS OF COVERAGE 9
 OPTIONAL COVERAGES
 Optional Coverages 13
 OPTION ED - Employee Dishonesty 13
 OPTION ES - Exterior Signs 14
 OPTION MB - Mechanical Breakdown 14
 OPTION MO - Money And Securities 16
 OPTION TP - Trees. Plants. Lawns And Shrubs 16
 DEDUCTIBLES 16
 CONDITIONS 17
SECTION II
 COMPREHENSIVE BUSINESS LIABILITY
 Coverage L - Business Liability 20
 Right And Duty To Defend 20
 Supplementary Payments 20
 Business Liability Exclusions 21
 PROPERTY DAMAGE LEGAL LIABILITY 24
 MEDICAL PAYMENTS
 Coverage M - Medical Payments 25
 Medical Payments Exclusions 25
 BUSINESS LIABILITY AND MEDICAL PAYMENTS
 NUCLEAR LIABILITY EXCLUSIONS
 Nuclear Liability Exclusions 25
 DESIGNATION OF INSURED
 Who Is An Insured 27
 BUSINESS LIABILITY AND MEDICAL PAYMENTS
 LIMITS OF INSURANCE
 Limits Of Insurance 28
 GENERAL CONDITIONS 28
 DEFINITIONS 29
SECTION I AND SECTION II
 COMMON CONDITIONS 33
 Includes copyrighted material of State Farm and Fire Casually Company.
 Copyright, State Farm Fire and Casualty Company. 1983.
 And also,
FP-6107 Includes copyrighted material of Insurance Services Office with its permission. Printed in U.S.A.
(5/89) Copyright. Insurance Services Office. Inc., 1982. 1983. 1984. 1985. 1986.

NOTES
[1] We believe that Frank A. Mumfrey, III is alleged to have been negligent as a tenant, i.e. individually, rather than as executor, but we will pretermit that issue in view of our holding that the exclusion does not apply to Frank A. Mumfrey, III even as executor.