Dear Ms. Boudreaux:
We are in receipt of your request for an opinion of the Attorney General regarding an ad valorem tax proposition (the "Proposition") approved on November 2, 2004 by the electorate of Lafourche Parish, which Proposition pertinently provides as follows:
 "Shall the Parish of Lafourche, State of Louisiana (the "Parish"), be authorized to rededicate the proceeds heretofore or hereafter received by the Parish from the levy and collection of a two and sixty-four hundredths (2.64) mills tax for public health purposes (the "Tax") . . . so that such proceeds may be used not only (i) for the purpose of acquiring, constructing, improving, maintaining and/or operating public health units in Parish, but also (ii) for the purposes of constructing, improving, acquiring, maintaining and operating other related public health activities and public buildings, and providing supplemental funding for services for senior citizens; provided, however, that at least fifty percent (50%) of the annual proceeds of the Tax shall be budgeted for public health purposes, and at least twenty-five percent (25%) shall be budgeted for senior citizens programs?" (Emphasis supplied).
Apparently, at the time the Proposition was put before the voters, there existed an accumulated fund balance of previously collected Tax proceeds, i.e. those proceeds "heretofore . . . received by the Parish" (the "Accumulated Balance"). Specifically, you seek our opinion as to whether the Accumulated Balance is subject to the percentage limitations referred to in the latter part of the Proposition (italicized above).
This office has long been of the opinion that ad valorem tax proceeds can only be used in the manner set forth in the proposition approved by the electorate. Attorney General's Opinion Nos. 00-20; 99-193; 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that LSA-R.S. 39:704 pertinently provides: *Page 2 
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnettv. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock V. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed . . . this is especially true of laws authorizing special taxes."
In our opinion, each ad valorem tax proposition must be carefully scrutinized to determine the will of the voters. When the language of a proposition is obscure or difficult to interpret, the proposition should be subscribed a meaning which will effectuate what appears to have been the understanding and intention of the electorate.
It is our understanding that the Council would like to utilize the Tax proceeds for the purchase of a building for the District Attorney's office. According to your correspondence, the Lafourche Parish Administration intended, at the time the Proposition was placed before the voters, to utilize the Accumulated Balance for public health, public buildings and senior citizen's services, as needed and unencumbered by the percentage limitations set forth in the latter part of the Proposition. You have also provided us with a copy of a letter, dated March 5, 2005, addressed to the Lafourche Parish Council by Foley Judell, L.L.P., who serves as bond counsel to Lafourche Parish and assisted the Parish in the drafting of the Proposition. Pertinently, that letter states:
 "The proposition authorized two things: (1) use of accumulated proceeds and future tax revenues for public health, public buildings and senior citizens services and (2) 50% annual future tax proceeds for public health and 25% of annual future tax proceeds for senior citizens programs. These two provisions are separated by a semicolon, which indicates that accumulated proceeds are being treated differently from annual tax proceeds, in that the first part is not subject to the percentage distribution.
 * * *
 Based on our reading of the proposition and a reasonable interpretation thereof, we believe that the moneys derived from the Tax which have accumulated since the Tax has been collected should be used for the purpose of acquiring, constructing, improving, maintaining and/or operating public health units in the Parish, related public health activities *Page 3 
and public buildings, and providing supplemental funding for services for senior activities. The accumulated balance may be used for these purposes in such amounts as may be determined by the Parish Council without regard to the percentages set forth in the proposition. However, the annual proceeds of the Tax collected in 2004 and thereafter need to be expended in accordance with the percentages set forth in the proposition."
In light of the strict construction which must be applied in the interpretation of ad valorem tax propositions, as well as our responsibility to determine the understanding of the electorate, we are constrained to advise that this office cannot read the words "future" or "annual future proceeds" into the Proposition, in spite of your advice to the contrary. The word "annual" cannot be interpreted as indicating "future", as the word "annual" can refer equally to past years and future years.
We are also restrained from reaching the determination that the voters of Lafourche Parish perceived a distinction between the Parish's use of the Accumulated Proceeds and the use of the proceeds to be collected, based upon the placement of a semicolon. In our opinion, a voter's reasonable understanding and interpretation of the Proposition, upon reading the ballot, was that the utilization of all of the Tax proceeds, i.e. both those "heretofore or hereafter received by the Parish", would be subject to the percentage limitations contained within the Proposition. Accordingly, it is the opinion of this office that all of the proceeds of the Tax, i.e. both the proceeds "heretofore" and "hereafter" collected by the Parish, should be expended in accordance with the percentage limitations contained within the proposition.
Respectfully, we must also advise that in our opinion, none of the tax proceeds can be used for purposes other than those related to public health and senior citizens. In the opinion of this office the proceeds cannot be used for the purchase of a building for the District Attorney's Office. Although the proposition states, in part, that the tax proceeds may be used, "for the purpose of constructing, improving, acquiring, maintaining and operating other related public health activitiesand public buildings", it appears to us that the whole intention of the proposition is to provide for public health and for senior citizens. Under the doctrine of ejusdem generis, when general terms follow specific terms, i.e. "public buildings" follows "public health activities" the general terms are controlled and limited by the specific. Thus the proceeds of the tax may not, in our opinion, be used to construct or acquire public buildings that are not related to public health activities. State v. TexasCo., 17 So.2d 569 (La. 1944); Sommers v. State Farm Fire andCasualty Company, 764 So.2d 87, La. App. 4th Cir., 2000);Iwanowski v. Louisiana State Racing Commission, 570 So.2d 86
(La.App. 4th Cir. 1990), and Attorney General's Opinions Nos. 96-46 and 93-790. *Page 4 
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 By: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General